JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Brandon Breeden ("Breeden"), entered into a plea agreement with the state in connection with case numbers 455793 and 454294. In exchange for pleading guilty to felonious assault in case number 455793 and drug possession in case number 454294, as well as agreeing to testify against any co-defendants and providing a written statement, the state recommended that Breeden receive a six-year prison sentence for both cases and dismissed the remaining counts of the indictments. Breeden accepted the plea agreement, entered his guilty pleas to felonious assault and drug possession, and fulfilled the terms of the plea agreement.[1]
 {¶ 2} Prior to sentencing, however, Breeden filed a motion to withdraw his guilty plea to the felonious assault charge, asserting that he felt coerced in entering into the plea agreement with the state and his actions were insufficient to prove the elements of the crime. The trial court held a hearing on Breeden's motion to withdraw, denied the motion, and proceeded to sentencing. The trial court sentenced Breeden to a total of eight years in prison on both cases. Breeden now appeals, citing three assignments of error.
 I. {¶ 3} For his first assignment of error, Breeden argues that the trial court abused its discretion when it failed to give him an impartial hearing on his motion to withdraw his guilty plea. In support, Breeden contends that the trial court failed to consider his inexperienced counsel and the impact the media had on this crime. He also asserts that the trial court gave his motion cursory attention. However, the record shows Breeden's argument lacks merit.
 {¶ 4} Although a presentence motion to withdraw a guilty plea should be freely and liberally granted, there is no absolute right to withdraw a guilty plea prior to sentencing. State v.Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. The decision to grant or deny a presentence motion to withdraw a guilty plea rests within the discretion of the trial court. "Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion." Id. at 526.
 {¶ 5} At the time of taking Breeden's plea, the trial court engaged in an extensive colloquy with Breeden to ensure that he was making his plea voluntarily, knowingly, and intelligently. The trial court specifically asked Breeden if he was coerced or threatened in any way by the state to accept the plea. Breeden replied no. The trial court specifically asked Breeden if he was aware that he was entitled to a trial by jury where the state would bear the burden of proving each and every element of the offenses charged. Breeden stated that he was aware of his right and also aware of the right he was waiving as a result of entering his guilty plea.
 {¶ 6} Breeden's insistence that his counsel was inexperienced and should have known better than to agree to such a plea agreement is unfounded. Breeden was represented by two attorneys at the taking of his plea, one he retained with respect to the felonious assault charge and another was appointed to him with respect to the drug possession charge. Although Breeden maintains that his involvement in the felonious assault case was minimal in comparison to his five co-defendants, there was damaging evidence, including a videotape, that was spared in lieu of Breeden's guilty plea. In light of the evidence that could have been presented against Breeden, the plea agreement appears to be wisely negotiated by his attorneys, as it included a dismissal of the attempted murder and rape charges and a reduction in the drug charge, as well as an agreement from the state that it would recommend a sentence of only six years in prison.
 {¶ 7} Furthermore, the record belies Breeden's argument that the trial court failed to hold an impartial hearing on his motion to withdraw his guilty plea. The trial court allowed arguments from both the state and Breeden's counsel, as well as allowed Breeden to speak freely about why he felt his guilty plea should be withdrawn. The failure to present a reasonable and legitimate basis for withdrawing the plea resulted in the trial court's denial of Breeden's motion. Thus, the trial court did not abuse its discretion, as it held an impartial hearing to determine whether Breeden had a legitimate basis for withdrawing his plea. Breeden's first assignment of error is overruled.
 II. {¶ 8} Breeden next argues that the trial court abused its discretion when it sentenced him to the maximum eight-year prison term for felonious assault. He contends that he never previously served a prison term and that the trial court was required to impose the "agreed" six-year prison sentence. Breeden's argument lacks merit.
 {¶ 9} First, Breeden is mistaken when he refers to the six-year prison sentence as the "agreed" sentence. It is patently clear from the record that the state, in the plea agreement, agreed to recommend a six-year prison sentence in exchange for Breeden pleading guilty to felonious assault and his cooperation with his co-defendants. It is also clear from the record, at the time of taking Breeden's guilty plea, that the trial court understood that the six-year prison sentence was a recommendation that it can follow, but could not promise to impose. Even Breeden, with his attorney, acknowledged this important factor.
 {¶ 10} Second, the fact that Breeden had not previously served a prison term creates only a presumption that he should receive the minimum sentence. R.C. 2929.14(B)(1). As the statute reads, the shortest prison term shall be imposed "unless one or more of the following applies:
 {¶ 11} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 12} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
 {¶ 13} Although Breeden has never served a previous prison term, the trial court found on the record that the shortest prison term would demean the seriousness of the offense. The victim was brutally beaten and raped with a stick in his rectum by Breeden and five co-defendants. The victim suffered serious injuries, including trauma to the head and rectum. Despite the state's recommendation, the trial court reasoned that the seriousness of the offense, coupled with Breeden's lack of remorse, demanded no less than the maximum eight-year prison sentence. Thus, the trial court did not abuse its discretion and Breeden's second assignment of error is overruled.
 III. {¶ 14} Finally, Breeden argues that his counsel's performance was so unreasonable that it denied him his right to the effective assistance of counsel. He asserts, once again, that his counsel was inexperienced and failed to protest the trial court from proceeding directly into sentencing after denying his motion to withdraw his guilty plea. Breeden's argument lacks merit.
 {¶ 15} To prove ineffective assistance of counsel, Breeden must show the following: (1) that his counsel's performance was deficient and (2) that, but for the deficiency, the outcome would have been different. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Breeden cannot meet the first prong of the Strickland test, as he has failed to prove that his counsel's lack of experience constituted deficient performance. As discussed above, Breeden's counsel negotiated a plea agreement with the state that dismissed two serious charges and reduced the drug charge in exchange for Breeden's guilty pleas and cooperation. There is nothing deficient about Breeden's counsel's failure to protest the trial court from proceeding to sentencing, as it conducted an impartial hearing on Breeden's motion to withdraw his guilty plea.
 {¶ 16} Even if Breeden proved that his counsel's performance was deficient, he fails to demonstrate to this court that the outcome would have been different. Breeden entered into a plea agreement in lieu of being tried to a jury on three serious charges — all of which were substantiated by an explicit videotape of the brutal beating of the victim. It is entirely likely that Breeden, had he been able to withdraw his guilty plea, would have been found guilty on all three charges, making his outcome worse. Because Breeden fails the Strickland test, his third assignment of error is overruled and the decision of the trial court denying his motion to withdraw his guilty plea is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., and Sweeney, P.J., concur.
[1] Breeden did not have an opportunity to testify against his co-defendants in case number 455793, as they entered pleas. However, Breeden did provide a written statement to the state.